**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| JOE MORLAND EDGER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:07-CV-203-CAS |
| | ) |
| DAVE DORMIRE, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the application of Joe Morland Edger for leave to commence this action without payment of the required filing fee. Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay any portion of the filing fee.

### The petition

Petitioner, an inmate at the Jefferson City Correctional Center, seeks release from confinement pursuant to 28 U.S.C. § 2254. On June 26, 1998, after pleading guilty to one count of resisting arrest and two counts of stealing a motor vehicle, the Circuit Court of St. Louis County, Missouri, sentenced him to concurrent prison terms on each of the three counts. Petitioner challenges his conviction on the grounds that he was "induced to enter a plea of guilty," he should have been sent to the Ozark Correctional Center, and the evidence did not support a finding of guilt. Petitioner acknowledges that he previously filed a § 2254

action in this Court that was dismissed as untimely. See Edger v. Dormire, No. 4:05-CV-115-CAS (E.D. Mo.). Regarding the question of the instant petition's timeliness, petitioner states:

> Petitioner had no way of knowing within the time limitations of a proper post-conviction motion (Missouri Court Rule 24.035) that his counsel and the State gave him information that proved to be false. That information induced and misled Petitioner into entering a plea of guilty. It didn't prove false until 11 months 1 week had elapsed. Additionally, Petitioner's counsel . . . told Petitioner that he had no remedy to attempt relief . . . Petitioner's appointed counsel . . . told Petitioner that he could attempt relief pursuant to Missouri Court Rule 91 . . . . Upon the denial of the petition, Petitioner prematurely attempted federal relief. That petition was dismissed without prejudice. Petitioner sought relief through the state courts again . . . . That petition was denied in April 2006.

Both 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provide that a district court may summarily dismiss a habeas petition if it plainly appears that the petitioner is not entitled to relief.

A review of the instant petition indicates that it is time-barred under 28 U.S.C. § 2244(d)(1)[1] and is subject to summary dismissal. Petitioner was convicted in 1998. He states that he did not appeal from the judgment of conviction. As such, § 2244(d)(1)(A) is applicable, and the one-year limitation period

---

[1]Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (enacted on April 24, 1996), amended 28 U.S.C. § 2244 by adding a one-year limitations period to petitions for writs of habeas corpus.

began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." See Smith v. Bowersox, 159 F.3d 345 (8th Cir. 1998). In petitioner's case, the time for seeking direct review expired ten days after June 26, 1998. See Mo. Sup. Ct. R. 30.01(d). Given that the Court did not receive petitioner's federal habeas petition until January 23, 2007, the instant action is time-barred. Petitioner's above-quoted assertions relative to the issue of timeliness are insufficient to equitably toll the limitations period. See Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) (equitable tolling proper only when extraordinary circumstances beyond prisoner's control make it impossible to file timely petition); Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002)("mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified"); Miranda v. Castro, 292 F.3d 1063, 1068 (9th Cir. 2002)(attorney miscalculation of due date not a basis for equitable tolling); Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001)(no equitable tolling for attorney error in believing that state collateral actions reset the clock).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that no order to show cause shall issue as to respondent, because the instant action is time-barred under 28 U.S.C. § 2244(d)(1).

**IT IS FURTHER ORDERED** that petitioner's petition for a writ of habeas corpus is **DENIED**.

An appropriate order shall accompany this memorandum and order.

/s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   26th   day of March, 2007.